IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO CHAVEZ, | No.  C 10-02688 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| FRASIER, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, California, filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement.  Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a separate written order.  The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claims

Plaintiff claims that defendants have retaliated and conspired against him for filing grievances over the course of two years, initiated after he filed a grievance surrounding a "minor incident" on February 3, 2007. (Compl. at 9.) Plaintiff alleges that the reprisals continued until the latest occurrence on July 22, 2009. (Id. at 13-14.) On that day, plaintiff alleges that defendant Frasier acted inappropriately during a strip search, and then used excessive force along with defendants Sadighi, Espita and Morgan while escorting him from his cell. (Id. at 14.) Plaintiff alleges that he suffered severe injuries as a result of their assault. (Id.) Liberally construed, plaintiff's claim arising from the July 22, 2009 incident is cognizable as a § 1983 claim as a violation of the Eighth Amendment.

However, the complaint with respect to the remaining named defendants is deficient as plaintiff fails to state a claim upon which relief may be granted against them. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844

1 F.2d at 633. The inquiry into causation must be individualized and focus on the duties
2 and responsibilities of each individual defendant whose acts or omissions are alleged to
3 have caused a constitutional deprivation. Id. Here, plaintiff specifically identifies D.
4 Milligan, R. Graves, D. Short, C. Acosta, C. Evans, R. Tupy, Michael Jensen, T. Axel, F.
5 Pelaccio, Cooper, Robert A. Horel, and Francesco Jacquez as defendants to this action,
6 (Compl. at 6-8), but fails to make any specific allegation of wrongdoing on their part by
7 which the Court can construe a constitutional violation. In fact, plaintiff makes no
8 specific mention of these defendants by their individual names in his statement of facts.
9 (Id. at 9-14.) Furthermore, defendants D. Strain and P. Harman are mentioned in an
10 inmate grievance attached to the complaint, but plaintiff makes no specific allegation of a
11 constitutional violation against them in his complaint. Lastly, plaintiff names Prokupek
12 and P. Wenning as defendants, but the only factual allegations against them concern the
13 "minor incident" on February 3, 2007. (Compl. at 9.) According to the Appeal Decision
14 on this inmate grievance, he decided to withdraw the complaint at the first level. (Id., Ex.
15 2.) It is therefore unclear what wrongdoing plaintiff is alleging against these defendants.
16 Due to these deficiencies, all claims against the defendants named above are DISMISSED
17 with leave to amend, for plaintiff to attempt to allege cognizable claims against them in
18 accordance with Leer, 844 F.2d at 633-34.

19 Plaintiff alludes to "inappropriate contact" by defendant M.C. Alexander on May
20 21, 2008, specifically that while he was escorting plaintiff back to his cell, plaintiff
21 noticed defendant "bumping into [plaintiff's] left elbow following a slight foot step on the
22 upper part of [plaintiff's] back foot." (Compl., Ex. 6.) Plaintiff alleges in the inmate
23 appeal filed on this claim that defendant did so with the intention of retaliating against
24 plaintiff for filing grievances against his colleagues. (Id.) However, this allegation is
25 conclusory as it is unsupported by any facts concerning defendant's motives. Plaintiff
26 cannot show that the minor bump and stepping on foot was anything other than
27 accidental, and therefore it cannot be said this incident resulted in a constitutional
28 violation. Accordingly, this claim against defendant Alexander is DISMISSED with

prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as discussed above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 10-02688 JW ( PR). **Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference.**

In the alternative, plaintiff may file notice with the Court that he wishes to proceed solely on the excessive force claim against defendants Frasier, Sadighi, Espita and Morgan arising from the July 22, 2009 incident, and strike the remaining claims from the original complaint.

2. The claim against defendant M.C. Alexander is DISMISSED with prejudice for failure to state a claim. The clerk shall terminate this defendant from this action.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose two copies of the court's form complaint with a copy of this order to plaintiff.

DATED: November 18, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO CHAVEZ,<br><br>           Plaintiff,<br><br>   v.<br><br>FRASIER, et al.,<br><br>           Defendants.                         / | Case Number: CV10-02688 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on         11/18/2010         , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gustavo Chavez E 45117
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532

Dated:     11/18/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk