1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

| | | |
|---|---|---|
| GUSTAVO CHAVEZ, | ) | No.  C 10-02688 JW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE ON EXCESSIVE |
| vs. | ) | FORCE CLAIM; DISMISSING |
| | ) | REMAINING CLAIMS |
| | ) | |
| FRASIER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") in Crescent City,
California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the
conditions of his confinement.  After an initial review, the Court dismissed the complaint
with leave to amend or in the alternative, directed plaintiff to file notice with the Court
that he wishes to proceed solely on the cognizable excessive force claim against
defendants Frasier, Sadighi, Espita and Morgan arising from the July 22, 2009 incident,
and to strike the remaining claims from the original complaint.  (See Docket No. 4.)  On
December 6, 2010, plaintiff filed notice that he wishes to proceed solely on the excessive
force claim and strike the remaining claims from the complaint.  (Docket No. 5.)
Accordingly, this action will proceed solely on the excessive force claim, and all
remaining claims are DISMISSED.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claims

Plaintiff claims that defendants have retaliated and conspired against him for filing grievances over the course of two years, initiated after he filed a grievance surrounding a "minor incident" on February 3, 2007.  (Compl. at 9.)  Plaintiff alleges that the reprisals continued until the latest occurrence on July 22, 2009.  (Id. at 13-14.)  On that day, plaintiff alleges that defendant Frasier acted inappropriately during a strip search, and then used excessive force along with defendants Sadighi, Espita and Morgan while escorting him from his cell.  (Id. at 14.)  Plaintiff alleges that he suffered severe injuries as a result of their assault.  (Id.)  Liberally construed, plaintiff's claim arising from the July 22, 2009 incident is cognizable as a § 1983 claim as a violation of the Eighth Amendment.

The claims against all remaining named defendants are DISMISSED.  The Clerk shall terminate all defendants except for those named in the preceding paragraph from this action.

///

1

**CONCLUSION**

2      For the foregoing reasons, the Court orders as follows:

3      1.      This action shall proceed solely on the excessive force claim against

4 defendants Frasier, Sadighi, Espita and Morgan.  All remaining claims against other

5 named defendants are DISMISSED.  The Clerk shall terminate all other defendants from

6 this action.

7      2.      The clerk of the Court shall issue summons and the United States

8 Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments

9 thereto, and a copy of this order upon **defendants Frasier, Sadighi, Espita and Morgan**

10 at **Pelican Bay State Prison**, (P.O. Box 7000, Crescent City, CA 95531-7000).

11      3.      No later than **sixty (60) days** from the date of this order, defendants shall

12 file a motion for summary judgment or other dispositive motion with respect to the claims

13 in the amended complaint found to be cognizable above.

14          a.      If defendants elect to file a motion to dismiss on the grounds plaintiff

15 failed to exhaust his available administrative remedies as required by 42 U.S.C.

16 § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

17 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v.</u>

18 <u>Terhune</u>, 540 U.S. 810 (2003).

19          b.      Any motion for summary judgment shall be supported by adequate

20 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

21 Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted,</u>**

22 **<u>nor qualified immunity found, if material facts are in dispute.  If any defendant is of</u>**

23 **<u>the opinion that this case cannot be resolved by summary judgment, he shall so</u>**

24 **<u>inform the Court prior to the date the summary judgment motion is due.</u>**

25      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

26 and served on defendants no later than **thirty (30) days** from the date defendants' motion

27 is filed.

28          a.      In the event the defendants file an unenumerated motion to dismiss

under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.      In the event defendants file a motion for summary judgment,

the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1   evidence showing triable issues of material fact on every essential element of his claim).

2   Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary

3   judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

4   granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,

5   53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6          5.      Defendants shall file a reply brief no later than **fifteen (15) days** after

7   plaintiff's opposition is filed.

8          6.      The motion shall be deemed submitted as of the date the reply brief is due.

9   No hearing will be held on the motion unless the Court so orders at a later date.

10         7.      All communications by the plaintiff with the Court must be served on

11  defendants, or defendants' counsel once counsel has been designated, by mailing a true

12  copy of the document to defendants or defendants' counsel.

13         8.      Discovery may be taken in accordance with the Federal Rules of Civil

14  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

15  Local Rule 16-1 is required before the parties may conduct discovery.

16         9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

17  court informed of any change of address and must comply with the court's orders in a

18  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

19  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20         10.     Extensions of time must be filed no later than the deadline sought to be

21  extended and must be accompanied by a showing of good cause.

22

23  DATED:    December 16, 2010                   _____

24                                               JAMES WARE
                                                 United States District Judge
25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


GUSTAVO CHAVEZ,

              Plaintiff,

  v.

FRASIER, et al.,

              Defendants.

_____/

          Case Number: CV10-02688 JW

          **CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____12/17/2010_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Gustavo Chavez E 45117
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532


Dated: _____12/17/2010_____

                    Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk